Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
Jeffrey D. Winchester, Bar No. 10279
jeffrey.winchester@jacksonlewis.com
**JACKSON LEWIS LLP**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA BAXTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPRING VALLEY HOSPITAL & MEDICAL CENTER, as a wholly owned subsidiary of VALLEY HEALTH SYSTEMS, NITA MATHEWS, Human Resources Generalist, and ROES I through X, inclusive,<br><br>　　　　Defendants. | Case No. 2:11-CV-01293-GMN-RJJ<br><br>**RESPONSE TO MOTION TO APPOINT COUNSEL** |

Defendant Valley Health Systems, LLC dba Spring Valley Hospital (misidentified as Spring Valley Hospital & Medical Center) hereby responds to Plaintiff Pamela Baxter's Motion for Appointment of Counsel as a Reasonable Accommodation under the ADAAA of 2008 (Dkt #60) (the "Motion"). The Motion should be denied because there is no Constitutional right to counsel in a civil case. Moreover, despite an alleged "communication barrier," Baxter has not identified any way in which she has been denied fair and equal access to the courts. Finally, Baxter had counsel, knows how to obtain counsel if she so desires, and knows that such counsel

may be retained on a contingency. Indeed, the Clark County Bar Association, Lawyer Referral Service, can assist Baxter in locating counsel if for some reason, unlike when she retained Richard Segerblom, she cannot locate counsel on this occasion on her own.

For each and all of these reasons, Defendant respectfully requests that Baxter's Motion be denied.

Respectfully submitted this 10th day of December, 2012.

JACKSON LEWIS LLP

/s/ Jeffrey D. Winchester
Elayna J. Youchah, Bar # 5837
Jeffrey D. Winchester, Bar # 10279
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **Baxter has no right to court appointed counsel.**

It is well-established that there is no Constitutional right to counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Moreover, although 28 U.S.C. § 1915(d) gives a court discretion to appoint counsel in cases brought by *in forma pauperis* litigants, *see U.S. v. $292,888.04*, 54 F.3d 564, 569 (9th Cir. 1995), this statute does not apply here as Baxter is not proceeding *in forma pauperis*. Indeed, in her Motion, Baxter does not argue that she needs court-appointed counsel because of cost constraints, but rather because she is "disabled." Nor does she cite to 28 U.S.C. § 1915(d).

Further, in civil rights cases involving *in forma pauperis* litigants, the appointment of counsel is only required when "exceptional circumstances" are present. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In conducting that analysis, "the district court should consider the likelihood of the movant's success on the merits and [her] ability to articulate [her]

claims *pro se* in light of the complexity of the legal issues involved." *See Tillmon v. Maricopa County*, 2008 U.S. Dist. LEXIS 59201, *3-4 (No. CV-07-746-PHX-MHM, July 21, 2008 D. Ariz.) (citing *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990)).

Here, Baxter cannot meet this "exceptional circumstances" standard. First, Baxter cannot show that she is likely to prevail on the merits of her claims. As noted in Defendant's summary judgment motion (Dkt #36) and reply brief (Dkt #46), incorporated herein by reference, Baxter's claims fail as a matter of law.[1] Second, Baxter is capable of self-representation, and has addressed every legal issue presented to this Court in great detail, as set forth in more detail in Section II below. Therefore, even if Baxter was an *in forma pauperis* litigant, there are no exceptional circumstances that warrant the appointment of counsel. *See also Cowan v. State of Montana*, 2012 U.S. Dist. LEXIS 113116, *11 (D. Mont., CV 12-105-M-DLC-JCL, August 10, 2012) (noting even though *in forma pauperis* plaintiff claimed to be disabled and not sufficiently educated, he had not established that he was unable to articulate his claims or that he was likely to prevail on the merits).

Baxter also claims that Title II of the Americans with Disabilities Act and/or the Rehabilitation Act requires the appointment of counsel for disabled applicants. Assuming for purposes of argument that Ms. Baxter is disabled, counsel for Defendant has been unable, after a good faith search, to find any case recognizing such an obligation for circumstances such as Ms. Baxter's, and this appears to be primarily an academic argument. *See, e.g., Tran v. Gore*, 2012 U.S. Dist. LEXIS 165921, *1-2 (S.D. Cal., CV 10-2457-BTM (WVG), Nov. 20, 2012) (noting no

---

[1] For example, Baxter claimed is that she should have been granted leave in addition to FMLA leave as a reasonable accommodation. But as noted in Defendant's summary judgment motion, an indefinite leave is not a reasonable accommodation. The medical documentation Baxter submits in support of her request for court-appointed counsel only further supports the fact that Baxter sought and needed an open-ended, indefinite leave as she is not capable of performing the essential functions of her job with or without a reasonable accommodation.

authority found to suggest appointment of counsel under the ADA or Rehabilitation Act was required for a civil lawsuit brought under 42 U.S.C. § 1983 even though the claimant alleged he was "'under heavy psychotropic medications'" and was schizophrenic).

Perhaps most importantly, "federal courts do not have the authority 'to make coercive appointments of counsel.'" *Id.* (citing *Mallard v. United States District Court*, 490 U.S. 296, 310, 109 S. Ct. 1814, 104 L.Ed. 2d 318 (1989); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995)). And "[i]n the absence of counsel, … the procedures employed by the federal courts are highly protective of a pro se litigant's rights." *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (internal quotations omitted). *Pro se* claimants, such as Baxter, are afforded the benefit of the doubt and their pleadings are construed liberally. *See id.* (citing *Karin-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)).

In this case, Baxter has clearly been afforded the benefits of doubt in all proceedings and benefitted from the built in protections as a *pro se* litigant and she has not, as in the *Tran* case, shown how her "alleged medical conditions prevent her from sufficiently prosecuting [her] lawsuit." *Id.* \*4. To the contrary, as in the *Tran* case, Baxter's "numerous filings demonstrate [she] has a good grasp of [her] case and the legal issues involved." *Id.* As such, the request for appointment of counsel as a reasonable accommodation under the ADA and/or the Rehabilitation Act should be denied.

**II. Baxter is capable of sufficiently prosecuting her claims or obtaining her own counsel.**

Baxter has not demonstrated that her access to the courts has been impeded. In fact, with the exception of one hearing Baxter missed, Baxter attended all scheduled hearings in this matter and has participated in the prosecution of her case. (Dkt #25 (hearing), #27 (motion filed by Baxter), #34 (response to discovery motion filed by Baxter), #44 (response to summary judgment

motion), #47 (hearing on discovery issues), #53 (Baxter files response to motion to show cause), #58 (hearing on statement of attorneys' fees), #60 (motion to appoint counsel)).  It is no small coincidence that Baxter's request for appointment of counsel comes on the heels of the Court issuing a ruling adverse to her related to her failure to comply with the discovery process, combined with the very real possibility that the Court will dismiss her case for her refusal to cooperate in discovery. (Dkt #58).

But, most importantly, even assuming Baxter, as is true for many lay people, has some difficulty prosecuting her case, what is clear is that she knows how to retain counsel, on contingency, that there are resources in the community that can help her locate such counsel, that she was represented by counsel at the outset of this litigation and, rather than locate substitute counsel when Mr. Segerblom withdrew, Baxter chose to represent herself.  (Dkt #25, noting transfer of file to Baxter after withdrawal of Segerblom).  These facts clearly demonstrate that Baxter is not without resources to obtain counsel, if she wants counsel, and that the extraordinary remedy, which would amount to the Court compelling representation of a single individual in an ordinary civil case, is not warranted here.

### III.   CONCLUSION

 For each and all of the reasons stated above, Defendant Spring Valley Hospital prays that the Court deny the motion to appoint counsel and dismiss Plaintiff's claims in their entirety.

Respectfully submitted this 10th day of December, 2012.

JACKSON LEWIS LLP

  /s/ Jeffrey D. Winchester  
Elayna J. Youchah, Bar # 5837  
Jeffrey D. Winchester, Bar # 10279  
3800 Howard Hughes Parkway, Ste. 600  
Las Vegas, Nevada  89169

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Jackson Lewis LLP and that on December 10, 2012, I caused to be delivered, via United States mail, postage prepaid, a true and correct copy of the above and foregoing **RESPONSE TO MOTION TO APPOINT COUNSEL** properly addressed to the following:

Pamela Baxter
5230 Fog Run Court
North Las Vegas, Nevada 89031

      /s/ Emily Santiago
Employee of Jackson Lewis, LLP