Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
**JACKSON LEWIS LLP**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA BAXTER,<br><br>Plaintiff,<br><br>v.<br><br>SPRING VALLEY HOSPITAL & MEDICAL CENTER, as a wholly owned subsidiary of VALLEY HEALTH SYSTEMS, NITA MATHEWS, Human Resources Generalist, and ROES I through X, inclusive,<br><br>Defendants. | Case No. 2:11-CV-01293-GMN-NJK<br><br>**RESPONSE TO PLAINTIFF'S SECOND ADMINISTRATIVE MOTION INVOKING PROTECTION OF RIGHTS UNDER THE ADAAA AND OPPOSITION PLAINTIFF'S MOTION SEEKING APPOINTMENT OF COUNSEL** |

## DISCUSSION

**I.   PLAINTIFF'S SECOND ADMINISTRATIVE MOTION INVOKING PROTECTION OF RIGHTS SHOULD BE DENIED.**

a.   Introduction

On November 21, 2012, Plaintiff Pamela Baxter ("Plaintiff") filed a Motion to Invoke Protection and Rights as a Qualified Individual with a Disability Under the ADAA of 2008, the Rehabilitation Act of 1973, and the 14th Amendment, and for Appointment of Counsel as a Reasonable Accommodation ("Plaintiff's First Motion" or "Plaintiff's First Motion for Appointment of Counsel). *See* Dkt. # 60. On December 10, 2012, Defendant Valley Health System, LLC dba Spring Valley Hospital ("Defendant")[1] filed its opposition to Plaintiff's First

---

[1]   Plaintiff misidentified Defendant in the caption of her Complaint as Spring Valley Hospital & Medical Center a wholly owned subsidiary of Valley Health Systems.

Motion for Appointment of Counsel. *See* Dkt. # 63. On December 31, 2012, the Honorable Robert J. Johnston denied Plaintiff's First Motion because she "failed to show any special circumstances compelling the appointment of counsel." *See* Exhibit 1 (Dkt. # 65). Plaintiff now brings a virtually identical motion asking the Court for the exact same relief previously denied. For all the reasons stated and incorporated below, Plaintiff's Second Administrative Motion Invoking Protection of Rights . . . Under the ADAAA . . . [and for] Appointment of Counsel, ("Plaintiff's Second Motion" or "Plaintiff's Second Motion for Appointment of Counsel") should be denied.

    b.    <u>Plaintiff's Second Motion for Appointment of Counsel, to the Extent she Seeks to Appeal Judge Johnston's Order, is Untimely.</u>

U.S. District Court for the District of Nevada Local Rule IB 3-1 sets forth the time within which a Magistrate Judge's Order may be appealed to a district judge. Specifically, "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3 where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law. Any party wishing to object to the ruling of the magistrate judge on a pretrial matter shall, within ten (10) days from the date of service of the magistrate judge's ruling, file and serve specific written objections to the ruling together with points and authorities in support thereof." Here, Judge Johnston's Order denying Plaintiff's First Motion for Appointment of Counsel was entered on December 31, 2012. Exhibit 1. Plaintiff filed her Second Motion for Appointment of Counsel on February 5, 2013, which is clearly more than 10 days from the date of service of Judge Johnston's ruling. *See* Dkt. #'s 70 and 71. For this reason, to the extent Plaintiff's Second Motion for Appointment of Counsel seeks reconsideration or review of Judge Johnston's December 31, 2012 Order, Plaintiff's Second Motion should be denied.

      c.     <u>Plaintiff Presents Nothing to Support the Conclusion that Judge Johnston's Ruling was Clearly Erroneous or Contrary to Law.</u>

A review of Plaintiff's Second Motion for Appointment of Counsel provides no facts or law that demonstrates Judge Johnston's Order should be overturned or reconsidered. As fully explained in Defendant's opposition to Plaintiff's First Motion for Appointment of Counsel, Plaintiff has no right to counsel, and the elements required to demonstrate "exception circumstances" that might prompt the appointment of counsel are not present. *See* Exhibit 2 (Dkt. 63) at 2-3.[2]

Further, Plaintiff's arguments for appointment of counsel fail because she sites to irrelevant and erroneous facts that still do not demonstrate exceptional circumstances. In this regard, Plaintiff attributes statements to Judge Johnston that were not made. *See* Declaration of Jeffrey Winchester, attached hereto as Exhibit 3. Plaintiff also makes conclusory arguments about the outcome of her case, but these, again, do not establish an obligation to appoint counsel. Specifically, Plaintiff discusses her emotional distress and offers the Court a portion of an Independent Psychiatric Assessment, but these arguments and documents do not demonstrate a likelihood of success on the merits of her claim (one element of the exceptional circumstances that must be present for appointment of counsel). Exhibit 2 at 3-4. Indeed, Defendant avers that Plaintiff's arguments support the granting of summary judgment in Defendant's favor. Finally, as explained in Defendant's opposition to Plaintiff's First Motion, Plaintiff has and continues to participate fully in the legal process, while being afforded every benefit of the doubt by the Court. *Id.* at 4-5. Indeed, as explained in Defendant's opposition to Plaintiff's First Motion, the "federal courts do not have the authority 'to make coercive appointments of counsel." *Tran v. Gore*, 2012 U.S. Dist. LEXIS 165921, * 2 (S.D. Cal., CV 10-2457-BTM (WNG), Nov. 20, 2012)(citation omitted).

---

[2] Defendant incorporates by this reference its Response to Plaintiff's First Motion for Appointment of Counsel as if fully set forth here.

JACKSON LEWIS LLP
LAS VEGAS

-3-

Plaintiff has continually and fully participated in this case in which discovery is closed and a motion for summary judgment is fully briefed. Under the totality of these circumstances, there is simply no basis for the Court to appoint counsel at this juncture.

## II. CONCLUSION

For each and all of the reasons set forth above, Defendant respectfully requests the Court deny Plaintiff's Second Motion for Appointment of Counsel.

Respectfully submitted this 20th day of February, 2013.

JACKSON LEWIS LLP


/s/ Elayna J. Youchah
Elayna J. Youchah, Bar # 5837
3800 Howard Hughes Parkway, Ste. 600
Las Vegas, Nevada  89169

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis LLP and that on February 20, 2013, I caused to be delivered, via United States mail, postage prepaid, a true and correct copy of the above and foregoing **RESPONSE TO PLAINTIFF'S SECOND ADMINISTRATIVE MOTION INVOKING PROTECTION OF RIGHTS UNDER THE ADAAA AND OPPOSITION TO APPOINTMENT OF COUNSEL** properly addressed to the following:

Pamela Baxter
5230 Fog Run Court
North Las Vegas, Nevada 89031

/s/ Emily Santiago
Employee of Jackson Lewis, LLP

# EXHIBIT 1

# EXHIBIT 1

## Santiago, Emily Q. (Las Vegas)

| | |
|---|---|
| **From:** | cmecf@nvd.uscourts.gov |
| **Sent:** | Monday, December 31, 2012 2:10 PM |
| **To:** | cmecfhelpdesk@nvd.uscourts.gov |
| **Subject:** | Activity in Case 2:11-cv-01293-GMN -RJJ Baxter v. Spring Valley Hospital and Medical Center et al Order on Motion to Appoint Counsel |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 12/31/2012 at 2:10 PM PST and filed on 12/31/2012
**Case Name:** Baxter v. Spring Valley Hospital and Medical Center et al
**Case Number:** 2:11-cv-01293-GMN -RJJ
**Filer:**
**Document Number:** 65(No document attached)

**Docket Text:**
**ORDER denying [60] Motion to Appoint Counsel. Baxter has failed to show any special circumstances compelling the appointment of counsel. Signed by Magistrate Judge Robert J. Johnston. (Copies have been distributed pursuant to the NEF - RJJ)**

**2:11-cv-01293-GMN -RJJ Notice has been electronically mailed to:**

Elayna J Youchah youchahe@jacksonlewis.com, christar@jacksonlewis.com, karen.michelini@jacksonlewis.com, mattersb@jacksonlewis.com, santiagoe@jacksonlewis.com

Jeffrey D Winchester jeffrey.winchester@jacksonlewis.com, , bauerk@jacksonlewis.com, janine.martin@jacksonlewis.com, karen.michelini@jacksonlewis.com

**2:11-cv-01293-GMN -RJJ Notice has been delivered by other means to:**

Pamela Baxter
5230 Fog Run Court
North Las Vegas, Nv 89031

1

# EXHIBIT 2

# EXHIBIT 2

Elayna J. Youchah, Bar No. 5837
youchahe@jacksonlewis.com
Jeffrey D. Winchester, Bar No. 10279
jeffrey.winchester@jacksonlewis.com
**JACKSON LEWIS LLP**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA BAXTER,<br><br>Plaintiff,<br><br>v.<br><br>SPRING VALLEY HOSPITAL & MEDICAL CENTER, as a wholly owned subsidiary of VALLEY HEALTH SYSTEMS, NITA MATHEWS, Human Resources Generalist, and ROES I through X, inclusive,<br><br>Defendants. | Case No. 2:11-CV-01293-GMN-RJJ<br><br>**RESPONSE TO MOTION TO APPOINT COUNSEL** |

Defendant Valley Health Systems, LLC dba Spring Valley Hospital (misidentified as Spring Valley Hospital & Medical Center) hereby responds to Plaintiff Pamela Baxter's Motion for Appointment of Counsel as a Reasonable Accommodation under the ADAAA of 2008 (Dkt #60) (the "Motion"). The Motion should be denied because there is no Constitutional right to counsel in a civil case. Moreover, despite an alleged "communication barrier," Baxter has not identified any way in which she has been denied fair and equal access to the courts. Finally, Baxter had counsel, knows how to obtain counsel if she so desires, and knows that such counsel

may be retained on a contingency. Indeed, the Clark County Bar Association, Lawyer Referral Service, can assist Baxter in locating counsel if for some reason, unlike when she retained Richard Segerblom, she cannot locate counsel on this occasion on her own.

For each and all of these reasons, Defendant respectfully requests that Baxter's Motion be denied.

Respectfully submitted this 10th day of December, 2012.

JACKSON LEWIS LLP

/s/ Jeffrey D. Winchester
Elayna J. Youchah, Bar # 5837
Jeffrey D. Winchester, Bar # 10279
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Baxter has no right to court appointed counsel.

It is well-established that there is no Constitutional right to counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Moreover, although 28 U.S.C. § 1915(d) gives a court discretion to appoint counsel in cases brought by *in forma pauperis* litigants, *see U.S. v. $292,888.04*, 54 F.3d 564, 569 (9th Cir. 1995), this statute does not apply here as Baxter is not proceeding *in forma pauperis*. Indeed, in her Motion, Baxter does not argue that she needs court-appointed counsel because of cost constraints, but rather because she is "disabled." Nor does she cite to 28 U.S.C. § 1915(d).

Further, in civil rights cases involving *in forma pauperis* litigants, the appointment of counsel is only required when "exceptional circumstances" are present. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In conducting that analysis, "the district court should consider the likelihood of the movant's success on the merits and [her] ability to articulate [her]

claims *pro se* in light of the complexity of the legal issues involved." *See Tillmon v. Maricopa County*, 2008 U.S. Dist. LEXIS 59201, *3-4 (No. CV-07-746-PHX-MHM, July 21, 2008 D. Ariz.) (citing Wood *v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990)).

Here, Baxter cannot meet this "exceptional circumstances" standard. First, Baxter cannot show that she is likely to prevail on the merits of her claims. As noted in Defendant's summary judgment motion (Dkt #36) and reply brief (Dkt #46), incorporated herein by reference, Baxter's claims fail as a matter of law.[1] Second, Baxter is capable of self-representation, and has addressed every legal issue presented to this Court in great detail, as set forth in more detail in Section II below. Therefore, even if Baxter was an *in forma pauperis* litigant, there are no exceptional circumstances that warrant the appointment of counsel. *See also Cowan v. State of Montana*, 2012 U.S. Dist. LEXIS 113116, *11 (D. Mont., CV 12-105-M-DLC-JCL, August 10, 2012) (noting even though *in forma pauperis* plaintiff claimed to be disabled and not sufficiently educated, he had not established that he was unable to articulate his claims or that he was likely to prevail on the merits).

Baxter also claims that Title II of the Americans with Disabilities Act and/or the Rehabilitation Act requires the appointment of counsel for disabled applicants. Assuming for purposes of argument that Ms. Baxter is disabled, counsel for Defendant has been unable, after a good faith search, to find any case recognizing such an obligation for circumstances such as Ms. Baxter's, and this appears to be primarily an academic argument. *See, e.g., Tran v. Gore*, 2012 U.S. Dist. LEXIS 165921, *1-2 (S.D. Cal., CV 10-2457-BTM (WVG), Nov. 20, 2012) (noting no

---

[1] For example, Baxter claimed is that she should have been granted leave in addition to FMLA leave as a reasonable accommodation. But as noted in Defendant's summary judgment motion, an indefinite leave is not a reasonable accommodation. The medical documentation Baxter submits in support of her request for court-appointed counsel only further supports the fact that Baxter sought and needed an open-ended, indefinite leave as she is not capable of performing the essential functions of her job with or without a reasonable accommodation.

JACKSON LEWIS LLP
LAS VEGAS

-3-

authority found to suggest appointment of counsel under the ADA or Rehabilitation Act was required for a civil lawsuit brought under 42 U.S.C. § 1983 even though the claimant alleged he was "'under heavy psychotropic medications'" and was schizophrenic).

Perhaps most importantly, "federal courts do not have the authority 'to make coercive appointments of counsel.'" *Id.* (citing *Mallard v. United States District Court*, 490 U.S. 296, 310, 109 S. Ct. 1814, 104 L.Ed. 2d 318 (1989); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995)). And "[i]n the absence of counsel, ... the procedures employed by the federal courts are highly protective of a pro se litigant's rights." *Id.* (citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (internal quotations omitted). *Pro se* claimants, such as Baxter, are afforded the benefit of the doubt and their pleadings are construed liberally. *See id.* (citing *Karin-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)).

In this case, Baxter has clearly been afforded the benefits of doubt in all proceedings and benefitted from the built in protections as a *pro se* litigant and she has not, as in the *Tran* case, shown how her "alleged medical conditions prevent her from sufficiently prosecuting [her] lawsuit." *Id.* *4. To the contrary, as in the *Tran* case, Baxter's "numerous filings demonstrate [she] has a good grasp of [her] case and the legal issues involved." *Id.* As such, the request for appointment of counsel as a reasonable accommodation under the ADA and/or the Rehabilitation Act should be denied.

**II.     Baxter is capable of sufficiently prosecuting her claims or obtaining her own counsel.**

Baxter has not demonstrated that her access to the courts has been impeded. In fact, with the exception of one hearing Baxter missed, Baxter attended all scheduled hearings in this matter and has participated in the prosecution of her case. (Dkt #25 (hearing), #27 (motion filed by Baxter), #34 (response to discovery motion filed by Baxter), #44 (response to summary judgment

motion), #47 (hearing on discovery issues), #53 (Baxter files response to motion to show cause), #58 (hearing on statement of attorneys' fees), #60 (motion to appoint counsel)). It is no small coincidence that Baxter's request for appointment of counsel comes on the heels of the Court issuing a ruling adverse to her related to her failure to comply with the discovery process, combined with the very real possibility that the Court will dismiss her case for her refusal to cooperate in discovery. (Dkt #58).

But, most importantly, even assuming Baxter, as is true for many lay people, has some difficulty prosecuting her case, what is clear is that she knows how to retain counsel, on contingency, that there are resources in the community that can help her locate such counsel, that she was represented by counsel at the outset of this litigation and, rather than locate substitute counsel when Mr. Segerblom withdrew, Baxter chose to represent herself. (Dkt #25, noting transfer of file to Baxter after withdrawal of Segerblom). These facts clearly demonstrate that Baxter is not without resources to obtain counsel, if she wants counsel, and that the extraordinary remedy, which would amount to the Court compelling representation of a single individual in an ordinary civil case, is not warranted here.

### III. CONCLUSION

For each and all of the reasons stated above, Defendant Spring Valley Hospital prays that the Court deny the motion to appoint counsel and dismiss Plaintiff's claims in their entirety.

Respectfully submitted this 10th day of December, 2012.

JACKSON LEWIS LLP

/s/ Jeffrey D. Winchester
Elayna J. Youchah, Bar # 5837
Jeffrey D. Winchester, Bar # 10279
3800 Howard Hughes Parkway, Ste. 600
Las Vegas, Nevada 89169

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis LLP and that on December 10, 2012, I caused to be delivered, via United States mail, postage prepaid, a true and correct copy of the above and foregoing **RESPONSE TO MOTION TO APPOINT COUNSEL** properly addressed to the following:

Pamela Baxter
5230 Fog Run Court
North Las Vegas, Nevada 89031

/s/ Emily Santiago
Employee of Jackson Lewis, LLP

# EXHIBIT 3

# EXHIBIT 3

## DECLARATION AND CERTIFICATION OF JEFFREY D. WINCHESTER

I, Jeffrey D. Winchester, am a Partner at Jackson Lewis LLP, located in Las Vegas, Nevada. I have personal knowledge of the facts stated herein, and if called upon to do so, am competent to attest thereto.

1. Defendant Valley Health System, LLC ("Defendant" or "Valley Health") has engaged this firm to defend it in the matter filed by Pamela Baxter ("Ms. Baxter"), entitled *Pamela Baxter v. Valley Health System*, LLC, Case No. 2:11-cv-01293.

2. On November 14, 2012, I attended a hearing on Defendant's Statement of Fees and Costs and Order to Show Case, which was held before the Honorable Robert J. Johnston. At no time did Judge Johnston abrasively or otherwise tell Ms. Baxter that "she better not" seek appointment of counsel or the assistance of Nevada Legal Aid. The Court also did not tell Ms. Baxter that "she was on her own." The Court was and at all times has been deferential to Ms. Baxter providing her multiple opportunities to comply with discovery and orders of the Court.

I declare under penalty of perjury that the factual assertions contained above are, to the best of my knowledge, true and correct.

EXECUTED this 15th day of February, 2013.

JEFFREY D. WINCHESTER