1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| PAMELA BAXTER, | ) | |
| Plaintiff, | ) | Case No. 2:11-cv-001293-JAD-NJK |
| vs. | ) | ORDER GRANTING MOTION FOR LEAVE TO FILE UNDER SEAL |
| SPRING VALLEY HOSPITAL & MEDICAL CENTER, et al., | ) | (Docket No. 105) |
| Defendants. | ) | |

Pending before the Court is Defendants' motion for leave to file under seal.  Docket No. 105. Defendants seek to file Exhibit 1 to their Emergency Motion to Enforce Settlement and Response to Plaintiff's Motions (Docket No. 104) under seal.  *See* Docket No. 105.  For the reasons discussed below, the Court hereby **GRANTS** Defendants' motion for leave to file under seal.

## I.    STANDARD

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling

reasons' support secrecy." *Kamakana*, 447 F.3d at 1180.[1]  Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process.  *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).  The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179.

## II.    ANALYSIS

The document at issue in the pending motion is the transcript from a court hearing memorializing the essential terms of the agreement achieved at the November 7, 2014, settlement conference in the instant case.  Docket No. 105, at 2.  As noted in Defendants' motion to seal, the terms of the agreement are confidential and the record is sealed.  *Id.*

Therefore, the Court finds that both good cause and compelling reasons exist to seal Exhibit 1 that overcome the presumption of public access, and that the transcript cannot be easily redacted while leaving meaningful information available to the public.  Accordingly, Defendants' Motion for Leave to File Under Seal (Docket No. 105) is hereby **GRANTED**.  No later than December 1, 2014, Defendants shall file Exhibit 1 to Docket No. 104, under seal, on the docket.

IT IS SO ORDERED.

DATED: November 24, 2014.

NANCY J. KOPPE
United States Magistrate Judge

---

[1]  *Kamakana* and *Foltz* involve non-parties' attempts to obtain sealed court documents.  The same analysis and standards apply to a party's motion to seal.  *See Pintos*, 605 F.3d at 679 n.5; *see also Kamakana*, 447 F.3d at 1182 n.9 (for the case before it, noting that "[t]he effective bottom line is that the district court was determining whether documents should be sealed").